[Cite as *State ex rel. Ames v. West Geauga Local School Dist. Bd. of Edn.*, 2026-Ohio-2248.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES,<br><br>Relator,<br><br>- vs -<br><br>WEST GEAUGA LOCAL SCHOOL<br>DISTRICT BOARD OF EDUCATION,<br><br>Respondent. | CASE NO. 2025-G-0029<br><br>Original Action for Writ of Mandamus |

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Petition dismissed

---

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Matthew John Markling*, McGown & Markling CO., L.P.A., 1894 North Cleveland-Massillon Road, Akron, OH 44333 (For Respondent).

PER CURIAM.

{¶1}     Pending before the court is relator, Brian M. Ames's ("Ames"), petition for a writ of mandamus to compel respondent, West Geauga Local School District Board of Education ("West Geauga"), to produce unredacted records pursuant to R.C. 149.43. Additionally, there are several other pending motions including but not limited to:

> (1) Ames's motion for sanctions, contained within his September 29, 2025 filing, "Relator's Cross-Motion for Summary Judgment Civ.R. 56(C) Relator's Brief in Support of Motion Relator's Brief in Opposition to Respondent's Motion for Judgment on the Pleadings";

(2) West Geauga's amended motion for judgment on the pleadings contained within its October 20, 2025 filing, "Reply to the Response to the Revised/Amended Motion for Judgment on the Pleadings";

(3) West Geauga's December 20, 2025 filing, "Response to the Motion for Sanctions and Motion for Sanctions";

(4) West Geauga's January 22, 2026 filing, "Motion for Sanctions" ;

(5) West Geauga's January 26, 2026 filing, "Motion for Leave to Supplement the Board's Motion for Judgment on the Pleadings *Instanter.*"

(6) West Geauga's March 20, 2026 filing, "Motion to Both Dismiss the Case for Lack of Jurisdiction and Strike All Documents filed by the Relator."

(7) Ames's March 25, 2026 filing, "Opposition to and Motion to Strike Respondent's Motion to Both Dismiss the Case for Lack of Jurisdiction and Strike All Documents filed by the Relator."

(8) West Geauga's March 27, 2026 filing "Response in Opposition to the Motion to Strike the Motion to Both Dismiss the Case for Lack of Jurisdiction and Strike all Documents Filed by the Relator."

(9) West Geauga's March 27, 2026 filing, "Motion for Leave to File Consolidated Motion for Sanctions."

(10) Ames's March 27, 2026 filing "Relator's Omnibus Opposition to Respondent's Motions."

(11) West Geauga's March 30, 2026 filing, "Motion to Strike the Omnibus Opposition to All Past and Future Motions."

## Substantive and Procedural History

{¶2} Ames filed a "Verified Petition for a Writ of Mandamus" with this court on July 31, 2025. In the petition, Ames asserts that he submitted a valid public records request to West Geauga on July 15, 2025, seeking the school district's check register for

Case No. 2025-G-0029

March 2025. On July 24, 2025, West Geauga responded to the request, providing Ames with the requested check register, but with redactions. Ames avers that West Geauga's response constituted a failure to respond to his public records request due to unwarranted redactions. The parties do not dispute that the redacted material at issue contained student initials. West Geauga contends that the redactions are required under the Family Educational Rights and Privacy Act ("FERPA") and that the student initials must be excluded from public disclosure under the Ohio Public Records Act, R.C. 149.43. Ames argues that student initials are not excluded from public disclosure under FERPA.

{¶3} West Geauga asserts that Ames did not comply with the provisions of R.C. 149.43(C)(2) as Ames allegedly failed to provide a written affirmation along with his complaint. Upon reviewing the Verified Petition for a Writ of Mandamus package Ames submitted, it appears that he complied with the provisions of R.C. 149.43(C)(2) in an attached document titled, "Affidavit of Verity."

{¶4} West Geauga also asserts that Ames did not comply with the service provisions of R.C. 149.43(C)(1), which provides:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for the public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may serve *pursuant to Rule 4 of the Ohio Rules of Civil Procedure* a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or

Case No. 2025-G-0029

commence a mandamus action under this section within the three-day period.

(Emphasis added.)

{¶5} Ames provided West Geauga with a complaint prescribed by the clerk of the Court of Claims on July 25, 2025. According to Ames's petition, "On Friday, July 25, 2025 at [8:00 a.m.], Mr. Ames, as the person allegedly aggrieved, sent *by email* to the Treasurer Karen Penler Pavlat and Counsel Matthew John Markling, on a form prescribed by the clerk of the court of claims, the complaint attached hereto as [Exhibit 9]." (Emphasis added.) Ames filed his petition with this court on July 31, 2025. Civ.R. 4.1 outlines the permitted methods of service, indicating that "all methods of service within this state, except service by publication as provided in Civ.R. 4.4(A), are described in this rule. . . ."

{¶6} Civ.R. 4.1 permits the following methods of service: service by United States certified or express mail; service by commercial carrier service; personal service; and residence service. Email is not a permitted method of service under Civ.R. 4.1. *See McLemore v. Clinton Cty. Sheriff's Office*, 2023-Ohio-1604, ¶ 47 (12th Dist.).

{¶7} In accordance with R.C. 149.43(C)(1), Ames was required to serve his initial complaint upon West Geauga pursuant to Civ.R. 4 and then allow three business days for West Geauga to cure or otherwise respond. Ames's petition states that he attempted service of the initial complaint upon West Geauga via email. As Civ.R. 4.1 does not permit email service as a method of service for a complaint, West Geauga was not properly served pursuant to Civ.R. 4. As a result, the three-day time period for West Geauga to cure its alleged failure was never triggered. Further, R.C. 149.43(C)(1) provides that the "person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period." Accordingly, Ames's

Case No. 2025-G-0029

petition requesting a writ of mandamus with this court is premature, as he failed to comply with the requirements of the statute. Therefore, Ames's petition must be **DISMISSED**.

## Ames's Motion for Sanctions

{¶8}    In Ames's September 29, 2025 cross-motion for summary judgment filing, he makes a request for sanctions against West Geauga. In one sentence with no supporting argument, Ames requests "this Court to impose appropriate sanctions on Counsel for Respondent pursuant to Civ.R. 11 and R.C. 2323.51."

{¶9}    Civ.R. 7(B) sets forth the specific procedural guidelines and requirements for pleadings and motions to the court. The rule states, in relevant part, that "application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Civ.R.7(B)(2). Ames does not state grounds for which he seeks sanctions against West Geauga and puts forth no argument as to why he is entitled to an award of sanctions. Accordingly, Ames's request for sanctions is **DENIED**.

## West Geauga's Motions for Sanctions

{¶10}   On December 20, 2025, West Geauga responded to Ames's motion for sanctions, and in its response, requested sanctions against Ames for filing his initial request for sanctions embedded in his cross-motion for summary judgment. Similarly, West Geauga's request for sanctions sets forth no argument demonstrating how Ames's motion for sanctions is warranted outside of the mere fact that Ames made the request. That is to say that West Geauga's request does not have an independent basis and appears to be merely retaliatory.

Case No. 2025-G-0029

{¶11}   West Geauga filed a successive motion for sanctions on January 22, 2026, requesting that this court award sanctions to West Geauga, and against Ames, for his alleged conduct throughout the pendency of this mandamus action.

{¶12}   As we have not reached the merits of Ames's petition and West Geauga sets forth no basis for the imposition of sanctions against Ames, West Geauga's December 20, 2025 and January 22, 2026 motions for sanctions are **DENIED**.

## Conclusion

{¶13}   For the foregoing reasons, West Geauga's December 20, 2025 and January 22, 2026 motions for sanctions are **DENIED**; Ames's September 29, 2025 motion for sanctions is **DENIED**; and Ames's petition for a writ of mandamus is **DISMISSED** for lack of jurisdiction. Any other pending motions are overruled as moot.

MATT LYNCH, P.J., ROBERT J. PATTON, J., SCOTT LYNCH, J., concur.

Case No. 2025-G-0029

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, it is ordered that relator's petition for writ of mandamus is hereby dismissed. In addition, West Geauga's December 20, 2025 and January 22, 2026 motions for sanctions are denied, and Ames's September 29, 2025 motion for sanctions is also denied. Any other pending motions are overruled as moot.

Costs to be taxed against relator.


PRESIDING JUDGE MATT LYNCH,
concurs


JUDGE ROBERT J. PATTON,
concurs


JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---